# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2020

Lyle W. Cayce
Clerk

No. 19-41051
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PEDRO RAUL GONZALEZ-MENDOZA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-2048-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Pedro Raul Gonzalez-Mendoza pleaded guilty to conspiring to possess with the intent to distribute 500 grams or more of a substance containing methamphetamine and five kilograms or more of a substance containing cocaine, and he was sentenced at the bottom of the applicable guidelines

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

range to 168 months of imprisonment.  He filed a timely notice of appeal and now challenges the district court's denial of his request for a two-level minor-role adjustment under U.S.S.G § 3B1.2(b).

A "minor participant" is any participant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  § 3B1.2, comment. (n.5).  Upon a de novo review of the record, *see United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016), we reject Gonzalez-Mendoza's argument that the district court misinterpreted the Guideline by comparing his conduct to that of defendants involved in conspiracies other than the instant one.[1]

We review for clear error the factual determination whether a defendant played a minor role in the offense.  *Torres-Hernandez*, 843 F.3d at 207.  In the face of Gonzalez-Mendoza's argument that he was a mere mule or drug courier, the district court found that he was at least an average participant and was not entitled to a minor-role adjustment.  Considering the totality of the circumstances presented here, *see United States v. Kearby*, 943 F.3d 969, 977 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2584 (2020), we are not left "with the definite and firm conviction that a mistake has been committed" in this regard.  Accordingly, there is no clear error, *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012) (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED.

---

[1]  The details of this argument were provided for the first time in the Reply Brief, so we need not consider them.  Even if we did, Gonzalez-Mendoza's citation to the district court's mention of other cases it had heard does not support the argument that the district court was comparing his culpability to defendants in those cases.  Thus, nothing supports the argument that the district court misinterpreted the Guideline in this manner.